IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | CASE NO. 4:07CR244(4) |
| | § | |
| BRIAN KEITH HARPER | § | |

### ORDER DENYING DEFENDANT BRIAN KEITH HARPER'S MOTION TO SUPPRESS STATEMENTS

Pending before the court is Defendant Brian Keith Harper's "Motion to Suppress Statements and Brief in Support" (docket entry #102). Having considered the Defendant's motion, the Government's response (docket entry #135), the arguments and evidence presented at the August 15, 2008 suppression hearing as well as the subsequent briefing by the parties (docket entry #'s 152 & 153), the court finds that the Defendant's motion should be denied.

In the Defendant's brief, the Defendant argues that (1) he did not receive adequate notification of his *Miranda* rights and (2) there was no proof of a valid waiver of his *Miranda* rights. Neither argument has merit.

The Defendant argues that because Special Agent Don York did not warn him of his right to terminate the interview once it began, the Defendant did not receive adequate notification of his *Miranda* rights. At the suppression hearing, Special Agent York testified that he informed the Defendant of his *Miranda* warnings by reading DEA Form 13A. Form 13A does not inform a defendant of his right to terminate an interview. However, as noted by both the Government and the Defendant, the right to terminate an interview is not one of the four required *Miranda* warnings.

Additionally, while the Government noted case law[1] which implies the sufficiency of Form 13A, the Defendant did not dispute in his briefing the adequacy of Form 13A. The court concludes that the Defendant was adequately notified of his *Miranda* rights.

The Defendant also argues that there was no proof of a valid waiver of his *Miranda* rights because no written waiver was obtained. Interestingly, the Defendant does not argue that his waiver was not knowingly and intelligently made; rather, the Defendant merely argues that a written waiver of his rights was not obtained. *See Cooper v. Griffin*, 455 F.2d 1142, 1144 (5th Cir. 1972). Since a written waiver is not required, the court finds, without more, that the Defendant's argument lacks merit. *See United States v. Esquivel-Pizano*, 990 F.2d 625, 1993 WL 117788, *2 n.7 (5th Cir. 1993). It is, therefore,

**ORDERED** that, for these reasons and the reasons dictated into the record by the court at the conclusion of the evidentiary hearing on August 15, 2008, Defendant Brian Keith Harper's "Motion to Suppress Statements and Brief in Support" (docket entry #102) is **DENIED**.

**SIGNED this the 15th day of October, 2008.**

*Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

---

[1] The Government cited to case law outside of the Fifth Circuit. The court was unable to discover any Fifth Circuit case law concerning the sufficiency of Form 13A.